# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| PW, a minor, by DOMINQUE WOODSON, his mother and guardian, and DOMINQUE WOODSON, individually,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA and ANONYMOUS HOSPITAL,<br><br>Defendants. | CAUSE NO.: 2:17-CV-407-TLS-APR |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Relief from Judgment [ECF No. 43].

The background facts are as follows. Plaintiffs filed their Complaint [ECF No. 1], raising claims under the Federal Tort Claims Act ("FTCA") against Defendant United States of America and raising related state law claims under the Indiana Medical Malpractice Act against Defendant Anonymous Hospital. Defendant Anonymous Hospital filed an Unopposed Motion for Initial Enlargement of Time to Respond to Plaintiffs' Complaint [ECF No. 19]. This motion represented to the Court that under Indiana Code § 34-18-8-7, other than filing an initial complaint, Plaintiffs were prohibited from pursuing claims against it until after a Medical Review Panel issued an opinion on a pending proposed complaint. The Court granted this unopposed motion [ECF No. 20], relieving Defendant Anonymous Hospital of its obligation to respond until such time that a Medical Review Panel issues an opinion and Plaintiffs amend the Complaint to identify Defendant Anonymous Hospital.

Subsequently, Defendant United States of America filed a Motion to Dismiss or Alternatively Summary Judgment [ECF No. 21], pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56. It is undisputed that Defendant Anonymous Hospital did not join Defendant United States of America's Motion [ECF No. 21]. After briefing on Defendant United States of America's motion was complete, the Court issued an Opinion and Order [ECF No. 37] granting Defendant United States of America's motion for summary judgment. The final sentence of the Opinion provided: "The Clerk will enter judgment in favor of the Defendants and against the Plaintiffs." Opinion and Order at 23, ECF No. 37. Accordingly, the Clerk of Court's Entry of Judgment [ECF No. 38] entered judgment in favor of both Defendants and against Plaintiffs.

Following the entry of judgment, Plaintiffs filed a Notice of Appeal [ECF No. 39] of the Court's grant of summary judgment. After initial briefing on the question of jurisdiction, the Court of Appeals issued an Order granting Plaintiffs leave to file a motion with this Court for relief from judgment under Federal Rule of Civil Procedure 60(a) or (b). Plaintiffs then filed Plaintiffs' Motion for Relief from Judgment [ECF No. 43] with this Court. Both Defendant Anonymous Hospital [ECF No. 44] and Defendant United States [ECF No. 45] responded, neither of whom either conceded or denied that the claims against Defendant Anonymous Hospital should not have been dismissed.

**ANALYSIS**

The Court granted Defendant United States of America's Motion for Summary Judgment after concluding that the statute of limitations had run on Plaintiffs' FTCA claims against Defendant United States of America and that no exception to the statute of limitations applied. Opinion and Order at 12–22. The analysis section of the Opinion did not consider the claims against Anonymous Hospital and repeatedly referred to the singular "Defendant's" motion. *Id.* at

1, 2, 7, 22. After carefully reviewing its previous Opinion, the Court determines that it inadvertently used the plural "Defendants" within the "CONCLUSION" section of the Opinion.

Federal Rule of Civil Procedure 60(b)(1) allows a court to modify a final judgment on motion because of "mistake, inadvertence, surprise, or excusable neglect." *But see Shuffle Tech Int'l, LLC v. Wolff Gaming, Inc.*, 757 F.3d 708, 710 (7th Cir. 2014) (noting that, "if the flaw lies in the translation of the original meaning to the judgment, then Rule 60(a) allows a correction; [but] if the judgment captures the original meaning but is infected by error, then the parties must seek another source of authority to correct the mistake") (quoting *United States v. Griffin*, 782 F.2d 1393, 1396–97 (7th Cir. 1986)). Thus, Rule 60(b)(1) provides authority for this Court to potentially modify the final judgment in this matter as it relates to Defendant Anonymous Hospital.

Because of the pending appeal, this Court currently lacks jurisdiction to modify the final judgment in this matter. However, Seventh Circuit Rule 57 states that, "A party who during the pendency of an appeal has filed a motion under Fed. R. Civ. P. 60(a) or 60(b), . . . should request the district court to indicate whether it is inclined to grant the motion. If the district court so indicates, this court will remand the case for the purpose of modifying the judgment."

Therefore, the Court TAKES UNDER ADVISEMENT Plaintiffs' Motion for Relief from Judgment [ECF No. 43], and indicates, pursuant to Seventh Circuit Rule 57, that it is inclined to grant Plaintiff's motion and modify the September 9, 2019 Opinion and Order granting summary judgment [ECF No. 37] to reflect that judgment will be entered in favor of Defendant United States of America only.

SO ORDERED on December 19, 2019.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN

UNITED STATES DISTRICT COURT